(No. 2104— 

J. H. McINTYRE & Co., A CORPORATION OF ILLINOIS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 15, 1935.*

HELMER HANSEN, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

Mr. Justice Linscott delivered the opinion of the court:

J. H. McIntyre & Co., a corporation, organized under the laws of the State of Illinois, filed its declaration for the return of a franchise tax unlawfully demanded by the Secretary of State for the years of 1928, 1929, 1930, 1931 and 1932, and asked damages of $100.00. The file contains a stipulation between the parties as follows:

"It is hereby stipulated and agreed by and between the parties hereto, by their respective counsel, that the following represents a true statement of the facts with respect to the claim of the plaintiff in the above named suit:

1. That plaintiff was incorporated under the laws of the State of Illinois in November of 1919, with an authorized capital stock of $40,000, consisting of 400 shares of common stock of the par value of $100 each.

2. That during the year 1919 there was issued $21,200 of such capital stock, all of which stock remained outstanding during the period from 1919 down to and including December 30, 1932, at which time, through the voluntary surrender by the stockholders of a part thereof, in accordance with the statute in such case made and provided, the issued capital stock was reduced from $21,200 to $10,000; that for each of the years 1928, 1929, 1930, 1931 and 1932 the plaintiff filed with the Secretary of State of Illinois its annual reports, as required by law; that following the filing of such reports, the Secretary of State of Illinois mailed to the plaintiff notices in writing to the effect that there was due to the State of Illinois for the year next ensuing, commencing, respectively on July 1, 1928, 1929, 1930, 1931 and 1932, the sum of $20.00, with the statement that such franchise tax of $20.00 was based upon all of plaintiff's authorized capitalization; that such statements should have been in the amount of $10.60 each, based upon the issued capital stock of $21,200.

3. That upon receipt of the notices mentioned in paragraph 2 above, defendant made payment of the amounts shown as due, in the aggregate of $100, or $47.00 in excess of the amount which should have been charged against and paid by the plaintiff as a franchise tax to the State of Illinois, under the laws in effect with respect to the assessment and collection of franchise taxes for each of the years in question."

This court has in numerous cases held:

"Where it appears from undisputed facts that franchise tax, in excess of amount due was made through mutual mistake of fact, an award will be made."

*Commercial Nat'l Bank & Trust Co.*, vs. *State*, 7 C. C. R. 122;

*Bates Valve Bag Corp.* vs. *State*, 7 C. C. R. 64;

*Cairo Water Co.* vs. *State*, 7 C. C. R. 6.

It appears in the stipulation that the claimant has overpaid the State the sum of $47.00.

We, therefore, make an award in the sum of $47.00 in favor of J. H. McIntyre & Co. against the State.